McFarland, J.,
delivered the opinion of the Court.
This action was brought by Mary Stevens, as ad-ministratrix, under the Statute, to recover damages resulting from the death of her husband, William Stevens, a fireman on ' one of the defendant’s locomotives, who was killed by the explosion of a boiler, which, it is alleged, was defective. She recovered a verdict and judgment for $5,000; a new trial was refused; the defendant took - a bill of exceptions and has appealed in error to this Court.
The argument for a new trial here is rested alone upon exceptions to the charge of the Circuit Judge, upon the measure of damages.
The Judge said to the jury: “ The question of the amount of damages in cases of this kind belongs so exclusively to you, there is little I can say to you with propriety upon this subject. It is proper that I should state to you the general object of the law *14 in giving damages for personal injuries, and some of the circumstances which Courts have thought juries ought to have some regard to, in fixing the amount. In the first place, the necessary medical aid, his board and lodging, etc.; if the injury is likely to affect him through life, etc.; or if the injury is painful, and attended with suffering” — the jury are directed to look to these matters. Part of these instructions do not seem strictly applicable, as the proof shows that Stevens only lived a few hours after the explosion; but there is in this no reversible error, if, indeed, any at all.
The charge continues: “If the injury resulted in sudden death, the shock to the feelings of the wife and children, and the loss of his future assistance in maintaining the family, educating and taking care of the children, etc., are all proper subjects for you to consider, and give such weight to as you may think they deserve.’
It does not appear that the deceased left any children. The reference to the children in the charge was an inadvertence, to which we attach no importance ; there being no such proof, it could not have prejudiced the defendant.
The question is, was the Judge correct in telling the jury, that if the injury resulted in sudden death, they might, in assessing damages, consider “the shock to the feelings of the wife”?
This subject seems to be involved in a good deal of doubt and uncertainty. In fact, it is manifest that while juries are not to be left to their own judgments *15 or caprice, without instructions as to the proper matters to be considered in assessing the damages, yet there are no certain tangible rules by which damages may be computed, and any certain result arrived at.
The Court should instruct the juries as to the proper subject matters of damages, and then leave the question to them, and we will not disturb their verdict upon this alone, unless the amount be so unreasonable as to require the interposition of this Court.
The statutes of England, New York, Pennsylvania, and perhaps other States, on this subject, differ from ours. Under their statutes, the damages are to be assessed with reference alone to the pecuniary injury sustained by the widow and nest of kin; and their Courts have consequently held that in actions under these statutes, nothing can be recovered for the personal sufferings of the deceased, either in body or mind, nor for the grief and distress of the relatives: Oldfield v. N. Y. & H. R. R. R., 14 N. Y., 314; McIntyre v. N. Y. C. R. R., 22 N. Y., 287; 67 Penn., 301. Proof, going to show the pecuniary loss of the next of kin, was held proper in these cases, and yet in many of their cases, verdicts for damages had been sustained where it would be very difficult to show that the next of kin had suffered any pecuniary loss whatever. As, for instance, where children of very tender years have been killed, who were in reality a charge upon their parents, or where aged persons have been killed, who were at the time rendering no service of pecuniary value to their next, of kin; and it has been held that the action may be *16 maintained for the benefit of the next of kin, though such next of kin had no legal claim upon the person while living for services or support: 28 Barbour. In such cases it is difficult to see in what the pecuniary injury consists. In the case of Ihl v. 42d Street R. R., 47 New York, 317, where the action was for damages resulting from the death of a child three years and two months old. The Court said: “The absence of proof of special pecuniary damage of the next of kin, resulting from the death of the. child, would not have justified the Court in nonsuiting the plaintiffs, or directing the jury to find nominal damages. It was within the province of the jury, who had before them the parents, their position in life, the occupation of the father, and the age and sex of the child, to form an estimate of the damages with reference to the pecuniary injury, present or prospective, resulting to the next of kin. * * * It cannot be said as matter of law, that there is no pecuniary damage in such a case, or that the expense of educating and maintaining the child would necessarily exceed any pecuniary advantage which the parents could have derived from his services had he lived.”
In the case of McIntyre v. N. Y. C. R. R. Co., 37 New York, 287, the deceased was a woman forty-five or' fifty years of age, and lived with a married daughter, and left two sons of full age. The Judge charged, that the jury were at liberty to allow damages from whatever source they actually proceeded which could produce them: “ If they are satisfied from the history of the family, or the intrinsic prob *17 abilities of the ease, that they were sustained- by the loss of bodily care, of intellectual culture, or moral training, which the mother in that case had before supplied, they are at liberty to allow it.”
It was held that there was no error in this. We do not understand any of these cases to hold that the mental anguish of the next of kin consequent upon the death, is -the proper subject of damages. It may be practically difficult to distinguish this from those matters which they have allowed to be considered, and it is likewise difficult, in many cases, to see upon what basis the pecuniary loss is estimated; yet the holding seems to be, to leave all this to the jury, and not disturb their verdict, although the process by which they arrive at the result is not easily discovered.
Our statute differs from those we have been considering. It enacts that, “ The right of action which a person whose death is caused by the wrongful act or omission of another, would have against the wrongdoer in case death had not occurred, shall not abate or be extinguished by his death, but shall páss to his personal representative for the benefit of his widow and next of kin, free from the claims of creditors.”
Under this statute, the damage which the deceased could have recovered had he lived, and his mental and bodily suffering, loss of time, expense, etc., are clearly embraced, and in fact it has been supposed that this was all. There is no express provision that the jury may consider the loss to the widow and children or next of kin; but in the ease of the *18 N. & C. R. R. Co. v. Prince, 2 Heis., 580, this Court held, that under this statute it was intended that the representative of a person who had died from personal injuries, should have the right to recover damages, not only for the mental and bodily suffering, loss of time, and necessary expenses immediately resulting to the deceased from the personal injuries, but also for damages resulting to the parties for whose benefit ’ the right of action survives from the death consequent upon the injuries received. It was held, that proof in mitigation of damages, that the deceased was drunken and worthless to his family, was competent.
The result of this decision was to make our statute embrace, in addition to the damages for the suffering of the. deceased, his loss of time, etc., had he lived, and also the pecuniary loss his death caused to his widow and children or next of kin; and in this latter respect, the subject matter of damages is similar to the statutes of New York and Pennsylvania; and as we have seen, they are confined to pecuniary damages, and do not alloW damages for the grief of the widow or children.
We think this is safest; in fact, as remarked by counsel, it is somewhat incongruous to undertake to give compensation to the widow for her grief. We do not see how we could extend our statutes farther than the New York and Pennsylvania statutes. We do not doubt the' construction given in the Prince case, but we can carry it no farther. It is argued that this error did not affect the case, as the jury did not give more than compensatory damages. We *19 -can not know that with a proper charge the jury would have given this sum. We are constrained to reverse the judgment and grant a new trial.